IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS CAMACHO, | § | |
| #60477-177, | § | |
|     Movant, | § | |
| | § | No. 3:22-cv-00933-E (BT) |
| v. | § | No. 3:20-cr-00339-E-1 |
| | § | |
| UNITED STATES of AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Carlos Camacho, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss Camacho's § 2255 motion.

I.

Camacho pleaded guilty to the importation of a controlled substance in violation of 21 U.S.C. §§ 952(a) and 960(b)(2). On November 12, 2021, the District Court sentenced him to 151 months' imprisonment. Camacho did not appeal to the Fifth Circuit Court of Appeals. Instead, he timely filed this § 2255 motion (CV ECF No. 2).[1]

_____

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to the docket in this civil action, case number 3:22-cv-933-E-BT; and "CR ECF" refers to the docket in the criminal action, case number 3:20-cr-339-E-1.

In two grounds for relief, Camacho argues:

(1) he was sentenced based on "actual" (CV ECF No. 2 at 5) methamphetamine, but he pleaded guilty to a "mixture" (*id*.) containing methamphetamine; and

(2) his attorney provided ineffective assistance of counsel when he failed to object to him being sentenced with a two-level upward adjustment for crimes involving the importation of methamphetamine.

The Government responds that Camacho's § 2255 motion should be denied because his claims are either waived by the appellate-rights waiver in his plea agreement, procedurally barred, noncognizable, conclusory, or meritless. Resp. (CV ECF No. 4). Camacho did not file a reply.

II.

A. Camacho's claim that the Court improperly sentenced him based on "actual" methamphetamine rather than a "mixture" is waived and noncognizable.

In his first claim, Camacho argues that he "was sentenced for 'actual' methamphetamine when [he] plead[ed] guilty to [a] 'mixture.'" Mot. 5 (CV ECF No. 2). He explains that by being sentenced based on "actual" methamphetamine rather than a "mixture" containing methamphetamine, he had "a much higher offence [sic] level." *Id.*

But Camacho's plea agreement included the following waiver provision:

The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. *The defendant*

*further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.* The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(CR ECF No. 24 at 6) (emphasis added).

Camacho's claim that the Court erred by sentencing him based on "actual" methamphetamine does not fall within any reservation of rights contained in the waiver provision. And courts generally enforce a collateral review waiver provision where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters, 732 F.3d 489, 491 (5th Cir. 2013)* (citing *United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005)*); *see also United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)*. The Fifth Circuit has recognized exceptions to this rule where a movant raises a claim of ineffective assistance of counsel or the sentence exceeds the statutory maximum. *United States v. Barnes, 953 F.3d 383, 388-89 (5th Cir. 2020)*; *see also United States v. Hollins, 97 F. App'x 477, 479 (5th Cir. 2004)* (per curiam).

In this case, there is no indication that Camacho's waiver was not informed and voluntary. As part of his plea agreement, he acknowledged his guilty plea was "freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.

3

There have been no guarantees or promises from anyone as to what sentence the Court will impose." (CR ECF No. 24 at 6.) Camacho also acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation . . . [he] has received from [his] attorney explanations satisfactory to [him] concerning each paragraph of this plea agreement, each of [his] rights affected by this agreement, and the alternatives available to [him] other than entering into this agreement." *Id.* at 6-7. He conceded "that [he was] guilty, and after conferring with [his] attorney, [he] [ ] concluded that it [was] in [his] best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case." *Id.* at 7. At Camacho's rearraignment hearing, the Court specifically noted that the plea agreement included a broad waiver of his right to challenge his conviction and sentence in a collateral proceeding. (CR ECF No. 53 at 13.) He admitted under oath that he understood the right, and he was voluntarily waiving it. *Id.*

In sum, Camacho waived his first claim by pleading guilty and specifically waiving his right to bring a § 2255 claim in his plea agreement.

Additionally, Camacho's first claim is not cognizable under § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (§ 2255 motions can raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice, and because misapplications of the sentencing guidelines do not fall into

either category, they are not cognizable in § 2255 motions); *see also*
*Robertson v. United States*, 2021 WL 662108, at \*2 (N.D. Tex. Feb. 19, 2021)
(citing *Williamson*, 183 F.3d at 462). Camacho's first claim is a direct attack
on the District Court's guidelines calculation, and his argument is not
cognizable in this § 2255 action.

For these reasons, Camacho's first claim is waived or not cognizable.
The Court should dismiss Camacho's first claim.

B. Camacho's claim that his attorney provided ineffective assistance of
counsel is conclusory and meritless.

At sentencing, the District Court increased Camacho's offense level by
two levels under U.S.S.G. § 2D1.1(b)(5)(A) & (B) because "the offense
involved the importation of methamphetamine and the defendant is not
subject to an adjustment under § 3B1.2 (Mitigating Role)[.] In this case, the
defendant arranged to import methamphetamine from Mexico." PSR ¶ 27;
*see also* (CR ECF No. 50) (adopting the PSR with unrelated changes).
Camacho argues in his second claim that his attorney provided ineffective
assistance of counsel when he failed to object to the two-level upward
adjustment for crimes involving the importation of methamphetamine. Mot.
6 (CV ECF No. 2). He contends that if his attorney had properly objected, his
base offense level "*might* have been lower." *Id.* (emphasis added).

To prevail on a claim of ineffective assistance of counsel, a movant
must show that: (1) his counsel's performance was deficient; and (2) the

deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

"In the context of sentencing, prejudice means that but for his counsel's error, his sentence would have been significantly less harsh." *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam); *see also Glover v. United States*, 531 U.S. 198, 200 (2001) ("[I]f an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"); *United States v. Seyfert*, 67 F.3d 544, 548-49 (5th Cir. 1995) ("To satisfy the prejudice prong of the *Strickland test* in the context of a non-capital sentencing proceeding, a defendant must establish a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh.") (citing *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994)); *see also Potts v. United States*, 566 F.Supp.2d 525, 537 (N.D. Tex. 2008).

Camacho's ineffective assistance of counsel claim fails because it is conclusory. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)

("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue."); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (noting where a habeas petitioner fails to brief an argument adequately, it is considered waived). Indeed, Camacho's ineffective assistance of counsel claim fails under both prongs of the *Strickland* standard because it is so conclusory that it is legally insufficient. His claim fails under the performance prong of *Strickland* because he fails to state any bases upon which his attorney should or could have raised a meritorious objection at sentencing. *See Thomas v. Davis*, 968 F.3d 352, 355 (5th Cir. 2020) (to prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged test set forth in *Strickland*, 466 U.S. at 668); *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam) ("Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel."). Camacho's ineffective assistance of counsel claim also fails under the prejudice prong of *Strickland* because he has not demonstrated that if his attorney had objected, there is a reasonable probability his sentence would have been significantly less harsh. *See Seyfert*, 67 F.3d at 548-49; *see also Acklen*, 47 F.3d at 742.

Camacho's conclusory allegations are insufficient to prove ineffective assistance of counsel under either prong of the *Strickland* standard. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998) ("Mere conclusory

allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.") (citing *Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994)); *see also Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

For these reasons, Camacho's second claim is conclusory and fails on the merits. The Court should summarily dismiss or deny Camacho's second claim.

### III.

The District Court should DISMISS Camacho's motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255.

Signed September 12, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).